WARD, BY HIS NEXT FRIEND, V. SNOOK.

1. **Practice in Supreme Court:** CERTIFYING EVIDENCE. On the appeal of an equity case triable *de novo*, the appellant's abstract should purport to contain an abstract of all the evidence offered upon the trial below, and where it does not so purport, and the appellee claims in argument that it does not contain all the evidence, the judgment must be affirmed.

*Appeal from Jefferson Circuit Court.*

WEDNESDAY, OCTOBER 3.

THE plaintiff, a minor, by his next friend, commenced this action in equity against the defendant, his guardian, praying that the defendant be required to make an account of plaintiff's estate. The defendant alleges that he has accounted for all moneys of his ward, and that he invested the funds in his hands in real estate for his ward under order of the circuit court.

The plaintiff replied, alleging that the lands referred to in defendant's answer belonged to the defendant, and were not worth the sum for which the guardian received credit, and that a fraud was practiced upon the court and upon the ward in procuring the order referred to. The evidence shows that at the time of settlement the guardian had in his hands, belonging to his ward, $1,368.51, which amount he settled by deeding to his ward fifty acres of land. The court found that the guardian should be credited with $1,000 on account of said conveyance, and that he should account for the balance with interest at six per cent from August 25, 1878, or that, at his election made on or before the tenth day of September, 1882, he might pay to his ward $1,368.51, with interest from August 25, 1878, at six per cent, in which event the title to the lands should vest in defendant. On the ninth day of September, 1882, the defendant filed his non-election under said decree. The defendant appeals.

*J. D. Jones*, for appellant.

*J. R. McCrackin & Wilson* and *Hinkle*, for appellee.

DAY, CH. J.—The abstract states that all the evidence in the case was reported and certified by the reporter of the court, and duly filed and certified by the court as being all the evidence offered in said trial. The abstract fails, however, to state that the *abstract* contains all the evidence, or is an abstract of all the evidence upon which the cause was tried.

The appellee in his argument states that the abstract of appellant is far from being satisfactory, and that it does not state all the material facts established by the evidence as shown by the notes of the short hand reporter. In this position of the record, we cannot reverse the decree of the court below.

We have less hesitancy in thus disposing of the case from the fact that a majority of the court think that, upon the evidence submitted to us by the appellant, the decree is right. That the decree does not work any injustice to the defendant is evident, from the fact that it gave him the option to take back the land and account only for the money conceded to be in his hand, as shown by settlement, with interest at six per cent from the date of settlement.

AFFIRMED.